**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

SHERYL MILLER,

        Plaintiff,

v.                                                Case No. 21-12259

WILLIAM BEAUMONT HOSPITAL
d/b/a BEAUMONT HEALTH SYSTEM,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION**
**FOR LEAVE TO AMEND COMPLAINT**

        Plaintiff Sheryl Miller in this case seeks to add an (unsustainable) claim and in so doing provides a law school exam illustration of how to distinguish the torts of "malicious prosecution" and "abuse of process." Plaintiff initially brought this action against her former employer, Defendant William Beaumont Hospital, under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*; Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws §§ 37.1101 *et seq.*; and the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* (ECF No. 1.) Plaintiff, who suffers from asthma and chronic obstructive pulmonary disease, alleges that Defendant failed to accommodate her disabilities, interfered with her rights, retaliated against her, and discriminated against her in violation of state and federal law.

        Before the court is Plaintiff's "Motion for Leave to File First Amended Complaint." (ECF No. 13.) Plaintiff aims to bring an additional state law claim for abuse of process. According to Plaintiff, after she filed her complaint, "Defendant filed suit against Plaintiff

for a small medical bill of which she was not aware and which Defendant had not notified her of prior to filing suit." (*Id.*, PageID.133.) Defendant filed a response opposing the motion, arguing that Plaintiff's amendment of her complaint would be futile because the abuse of process claim "would be subject to immediate dismissal on a motion filed under Federal Rule of Civil Procedure 12(b)(6)." (ECF No. 14, PageID.179.) Plaintiff did not file a reply. The court has reviewed the parties' briefs and concludes that a hearing is not necessary. *See* E.D. Mich. 7.1(f)(2). For the reasons stated below, the court agrees with Defendant and will deny Plaintiff's motion to amend her complaint.

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading within twenty-one days of serving the pleading or, if a responsive pleading is required, within twenty-one days of the responsive pleading. Once twenty-one days have passed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Consistent with the liberal pleading standards of federal court, Rule 15 directs the court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a); *see* 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1473 (3d ed.). Underlying the rule is the principle that "cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

2

As relevant here, it is well-settled that district courts may deny as futile a motion for leave to amend a complaint if the proposed complaint could not withstand a motion to dismiss. *See Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993); *see also Neighborhood Dev. Corp v. Advisory Council on Historical Pres.*, 632 F.2d 21, 23 (6th Cir. 1980); *Rose v. Wayne Cty. Airport Auth.*, 210 F. Supp. 3d 870, 893 (E.D. Mich. 2016) ("If the district court concludes that the pleading as amended could not withstand a motion to dismiss, then the court may deny the motion to amend and save the parties and the court the expense of having to confront a claim doomed to failure from its outset.").

Under Federal Rule of Civil Procedure 12(b)(6), a party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing motions under Rule 12(b)(6), the complaint is viewed in the light most favorable to the non-moving party, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiffs. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must present "more than labels and conclusions." *Twombly*, 550 U.S. at 545. "[A] formulaic recitation of a cause of action's elements will not do." *Id.*

The central dispute is whether the proposed amended complaint's newly pled claim for abuse of process would survive a motion to dismiss. To properly allege an abuse of process claim in Michigan, a plaintiff must plead "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v. Dozorc*, 312 N.W.2d 585, 594 (Mich. 1981) (citing *Spear v. Pendill*, 130 N.W. 343, 344 (Mich. 1911)). A plaintiff must allege "more than the mere issuance of the process, because an 'action for abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue.'" *See Dalley v. Dykema Gossett*, 788 N.W.2d 679, 695 (Mich. Ct. App. 2010) (quoting *Friedman*, 312 N.W.2d at 595). Thus, the misconduct in an abuse of process claim "is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." *Curran v. City of Dearborn*, 957 F. Supp. 2d 877, 887 (E.D. Mich. 2013) (quoting *Friedman*, 312 N.W.2d at 594 n.18).

Here, the entirety of Plaintiff's factual allegations in support of her abuse of process claim is as follows:

> 90. On or about December 23, 2021, Defendant Beaumont filed a lawsuit in the 23rd District Court in the State of Michigan, Case No. 21-01-3742.
>
> 91. Defendant Beaumont chose to serve Ms. Miller with the Complaint on the day before Christmas Eve.
>
> 92. Defendant Beaumont alleges Ms. Miller owes it $1,574.38 for outstanding medical bills.
>
> 93. Prior to Ms. Miller filing her Complaint against Defendant Beaumont . . ., Ms. Miller had not received one notice via mail about the outstanding debt.

4

. . .

>242. Defendant initiated collection proceedings against Plaintiff for the ulterior purpose to cause vexation, embarrassment, and emotional damage just before the holiday season.
>
>243. The misuse of the civil court process was improper since Defendant made little to no attempt to collect the debt prior to Plaintiff filing her discrimination complaint against Defendant.
>
>244. Defendant's abuse of the civil court process has caused Plaintiff to suffer damages, including but not limited to, mental anguish.

(ECF No. 13-1, PageID.153-54, 173.)

Plaintiff's proposed claim would not survive a motion to dismiss. Her theory that the initiation of the collection action against her constitutes abuse of process is squarely foreclosed by Michigan case law. Indeed, "[t]he only act in the use of process that [P]laintiff alleges is the issuance of a summons and complaint . . . . However, a summons and complaint are properly employed when used to institute a civil action, and thus [P]laintiff has failed to satisfy the second element required" for an abuse of process claim. *Friedman*, 312 N.W.2d at 595; *see also Peisner v. Detroit Free Press*, 242 N.W.2d 775, 778 (Mich. Ct. App. 1976) (finding that although a libel action was initiated with an ulterior motive, "[t]he only improper act that the [plaintiffs] allege that the [defendants] have taken is to institute the libel action," and ultimately holding that "the mere institution of a lawsuit is not enough to create a cause of action for abuse of process."); *cf. Lawrence v. Burdi*, 886 N.W.2d 748, 754-55 (2016) (finding that the plaintiff properly pled abuse of process where the defendant was filing wholly irrelevant, inflammatory requests to admit and serving them on plaintiff's employer, the intended purpose of which "appear[ed] to be harm resulting from embarrassment, mistrust by plaintiff's employer, and even possible termination of employment"); *Reffitt v. Mantese*,

5

No. 346471, 2019 WL 5204542, at *5 (Mich. Ct. App. Oct. 15, 2019) (noting that the improper use of discovery devices can constitute abuse of process).

Plaintiff has failed to allege the "wrongful use of the process of a court." *Reffitt*, 2019 WL 5204542, at *5 (quoting *Lawrence*, 886 N.W.2d at 754). Nothing about the method of service of process, for example, has been alleged to be improper. Rather, the complaint establishes only that Plaintiff was served with a summons and complaint for the collection action against her. The service of these documents "are properly employed when used to institute a civil action"; although Plaintiff complains about the timing of the collection action, there are no facts pointing to any illegitimate use of a court process.[1] *Friedman*, 312 N.W.2d at 595; *accord Akbar v. City of Detroit*, No. 08-11268, 2009 WL 1244142, at *8 (E.D. Mich. May 4, 2009) (citing *Friedman*, 312 N.W.2d 585) (noting that, in Michigan, "[s]imply instituting legal proceedings, even if for improper purposes, is insufficient to create an abuse-of-process claim."). Permitting Plaintiff to amend her complaint to add an abuse of process claim would therefore be futile. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Leave to File First Amended Complaint" (ECF No. 13) is DENIED.

---

[1] To the extent Plaintiff seeks to bring a "malicious prosecution" claim, a tort distinct from abuse of process, "it is readily apparent from reviewing the elements of the tort of malicious civil prosecution that the cause of action is not available . . . in the present case. One of the essential elements of such a cause of action is that a prior proceeding has been terminated in the prior defendant's favor," and Defendant's collection action against Plaintiff has not yet been terminated. *Peisner*, 242 N.W.2d at 367. Additionally, such a claim requires a plaintiff to plead the "absence of probable cause" for the allegedly malicious proceeding, but nowhere in Plaintiff's complaint does she contend that the factual allegations in the collection proceeding are false, unfounded, or otherwise lacking in probable cause. *See Friedman*, 312 N.W.2d at 603, 606.

s/Robert H. Cleland                           /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 26, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 26, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                                 /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\MAZ\Civil\21-12259.MILLER.DenyingMotionToAmendComplaint.MAZ.docx