UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHERYL MILLER,<br><br>   Plaintiff,<br><br>v.<br><br>WILLIAM BEAUMONT HOSPITAL<br>dba BEAUMONT HEALTH SYSTEM,<br><br>   Defendant. | Case No. 3:21-cv-12259<br><br>Hon. Robert H. Cleland<br><br>Magistrate Judge Anthony P. Patti |

| | |
|---|---|
| CARLA A. AIKENS, P.L.C.<br>Carla D. Aikens (P69530)<br>Austen J. Shearouse (P84852)<br>615 Griswold, Suite 709<br>Detroit, MI 48226<br>(844) 835-2993<br>carla@aikenslawfirm.com<br>austen@aikenslawfirm.com<br>Attorneys for Plaintiff | JACKSON LEWIS P.C.<br>Katherine J. Van Dyke (P62806)<br>Elyse K. Culberson (P82132)<br>2000 Town Center, Suite 1650<br>Southfield, MI 48075<br>(248) 936-1900<br>katherine.vandyke@jacksonlewis.com<br>elyse.culberson@jacksonlewis.com<br>Attorneys for Defendant |

**STIPULATED ORDER REGARDING DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S AUTHORIZATION TO RELEASE PSYCHOLOGICAL RECORDS (ECF NO. 23)**

This matter is before the Court on Defendant's Motion to Compel Plaintiff's Authorization to Release Psychological Records (ECF No. 23) ("Defendant's Motion"). After a status conference with the Court on November 17, 2022, and in an effort to work together in the spirit of cooperation and discovery to resolve Defendant's Motion, the parties have agreed that Plaintiff will provide a fully-

executed authorization for the release of her psychological records from LifeStance Health by November 29, 2022, including the required HIPAA authorization and any additional authorizations required by Defendant's third-party subpoena vendor necessary to obtain the records.

The parties have also agreed that upon receipt of Plaintiff's records from LifeStance Health, these records shall be designated "Attorneys' Eyes Only" and may only be disclosed to the Court (including any appellate court) and Court personnel; court reporters in connection with the taking of a deposition of court proceedings; attorneys of record and such attorneys' employees; and anticipated experts engaged to assist directly in this case. The parties agree that Plaintiff's records from LifeStance Health will not be disclosed to or discussed with employees of Defendant, including its in-house counsel. To the extent experts are involved, the parties agree that any experts will be provided a copy of this Order.

Finally, the parties have agreed that in the event that counsel for either party believes that any portion of Plaintiff's records from LifeStance Health should be disclosed to anyone else other than the individuals mentioned above, that party will so notify opposing counsel. Counsel for the parties will confer in good faith within ten business days of such notification in an effort to resolve the matter by agreement. If agreement is not reached within ten business days thereafter, the designating party will have the burden of moving and may move upon proper notice within thirty days

to obtain an appropriate protective order. In the event that such a motion is made, the disputed records will remain subject to and protected by this Order until any such motion is resolved.

    IT IS ORDERED that Plaintiff shall produce a fully-executed authorization for the release of her records from LifeStance Health by November 29, 2022, including the required HIPAA authorization and any additional authorizations required by Defendant's third-party subpoena vendor necessary to obtain the records.

    IT IS FURTHER ORDERED that Plaintiff's records from LifeStance Health shall be designated "Confidential" pursuant to the parties' Stipulated Protective Order (ECF No. 15) and "Attorneys' Eyes Only" such that said records may only be disclosed to the Court (including any appellate court) and Court personnel; court reporters in connection with the taking of a deposition of court proceedings; attorneys of record (excluding in-house counsel for Defendant) and such attorneys' employees; and anticipated experts engaged to assist directly in this case. To the extent experts are involved, any experts shall be provided a copy of this Order.

    IT IS FURTHER ORDERED that in the event that counsel for either party believes that any portion of Plaintiff's records from LifeStance Health should be disclosed to anyone else other than the individuals mentioned in the above paragraph, that party shall so notify opposing counsel. Counsel for the parties shall

confer in good faith within ten business days of such notification in an effort to resolve the matter by agreement. If agreement is not reached within ten business days thereafter, the designating party shall have the burden of moving and may move upon proper notice within thirty days to obtain an appropriate protective order. In the event that such a motion is made, the disputed records shall remain subject to and protected by this Order until such motion is resolved.

    IT IS SO ORDERED.

Date: November 30, 2022         _s/Robert H. Cleland  
                                           Hon. Robert H. Cleland

STIPULATED AND AGREED TO BY:

| CARLA D. AIKENS P.L.C. | JACKSON LEWIS P.C. |
|---|---|
| /s/ Austen J. Shearouse (with consent) | /s/ Elyse K. Culberson |
| Carla D. Aikens (P69530) | Katherine J. Van Dyke (P62806) |
| Austen J. Shearouse (P84852) | Elyse K. Culberson (P82132) |
| 615 Griswold, Suite 709 | 2000 Town Center, Suite 1640 |
| Detroit, MI 48226 | Southfield, Michigan 48075 |
| (844) 835-2993 | (248) 936-1900 |
| carla@aikenslawfirm.com | katherine.vandyke@jacksonlewis.com |
| austen@aikenslawfirm.com | elyse.culberson@jacksonlewis.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

Dated: November 28, 2022

4855-3639-7119, v. 2