UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERYL MILLER,

    Plaintiff,

v.

WILLIAM BEAUMONT HOSPITAL
dba BEAUMONT HEALTH SYSTEM,

    Defendant.

Case No. 3:21-cv-12259

Hon. George Caram Steeh

Magistrate Judge Anthony P. Patti

---

| CARLA D. AIKENS, P.L.C. | JACKSON LEWIS P.C. |
|---|---|
| Carla D. Aikens (P69530) | Katherine J. Van Dyke (P62806) |
| Austen J. Shearouse (P84852) | Elyse K. Culberson (P82132) |
| 615 Griswold, Suite 709 | 2000 Town Center, Suite 1650 |
| Detroit, MI 48226 | Southfield, MI 48075 |
| (844) 835-2993 | (248) 936-1900 |
| carla@aikenslawfirm.com | katherine.vandyke@jacksonlewis.com |
| austen@aikenslawfirm.com | elyse.culberson@jacksonlewis.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

---

**DEFENDANT WILLIAM BEAUMONT HOSPITAL'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES................................................................................... ii

I.    INTRODUCTION .......................................................................................1

II.    ARGUMENT................................................................................................2

        A.    Certain Material Facts Cited by Beaumont Should Be Deemed Admitted ..................................................................................2

        B.    Plaintiff Failed to Establish Her Failure to Accommodate Claims ..................................................................................................3

        C.    Plaintiff Failed to Establish Her FMLA Interference Claim ....................................................................................................4

        D.    Plaintiff Failed to Establish Her Discrimination and Retaliation Claims..........................................................................6

# **INDEX OF AUTHORITIES**

**Page(s)**

**Cases**

*Ackerman v. Diamond Shamrock Corp.*,
  670 F.2d 66 (6th Cir. 1992) ..................................................................................7

*Alexander v. Northland Inn*,
  321 F.3d 723 (8th Cir. 2003) ................................................................................4

*Brown v VHS of Mich, Inc*,
  545 F App'x 368 (6th Cir. 2013) ..........................................................................6

*Burlington Northern & Santa Fe Ry. v. White*,
  548 U.S. 53 (2006) ................................................................................................6

*Edgar v. JAC Prods.*,
  443 F.3d 501 (6th Cir. 2006) ................................................................................5

*Estee Lauder v. L'Oreal*,
  129 F.3d 588 (Fed. Cir. 1997) ..............................................................................3

*Hedrick v. Western Reserve Care Sys.*,
  355 F.3d 444 (6th Cir. 2004) ................................................................................4

*Interroyal Corp. v. Sponseller*,
  889 F.2d 108 (6th Cir. 1989) ................................................................................1

*Jaszczysyn v. Advantage Health Physician Network*,
  Case No. 11-1697 (6th Cir., Nov. 7, 2012) ..........................................................5

*Michael v. Caterpillar Fin. Servs. Corp.*,
  496 F.3d 584 (6th Cir. 2007) ................................................................................7

*Perfect Web Tech., Inc. v. InfoUSA, Inc.*,
  587 F.3d 1324 (Fed. Cir. 2009) ............................................................................1

*Scott v. Harris*,
  550 U.S. 372 (2007) ..............................................................................................2

*U.S. Structures, Inc. v. J.P. Structures, Inc.*,
  130 F.3d 1185 (6th Cir. 1997) ..............................................................................1

*Walsh v. UPS*,
   201 F.3d 718 (6th Cir. 2000) ................................................................................4

*Wasek v. Arrow Energy Servs.*,
   682 F.3d 463 (6th Cir. 2012) ................................................................................7

**Statutes**

ADA ................................................................................................................................3

FMLA....................................................................................................................1, 4, 5

MCL § 37.1210(18) ......................................................................................................3

**Rules**

Fed. R. Civ. P. 56(c)(1)...............................................................................................2

iii

## I.  INTRODUCTION

To avoid summary judgment of her claims, Plaintiff was required to set forth competent, admissible evidence to demonstrate a genuine issue of material fact. Plaintiff's Response fails to do so; and instead, Plaintiff's Response is riddled with attorney argument misrepresented as fact, conclusory allegations without specific record cites, and lacks any applicable legal authority to support her claims. Such tactics have explicitly been deemed insufficient to withstand summary judgment.[1]

Setting Plaintiff's tactics aside, the undisputed material facts remain, warranting summary judgment:

- Beaumont followed the guidance of Plaintiff's medical provider by accommodating Plaintiff with a medical leave of absence.

- Plaintiff was not entitled to job protection after her FMLA exhausted on May 22, 2020, but Beaumont still returned her to the position she held prior to taking leave.

- As a current employee of Beaumont, Plaintiff has not suffered any adverse employment action.

- The only supervisor who issued any discipline to Plaintiff, Renee Carr, had no knowledge of Plaintiff's EEOC charge.

- Plaintiff admits she has no evidence to refute any corrective action or show that any discipline was because of her alleged disability, any leave of absence, or her EEOC charge.

---

[1] *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) (a district court "is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"); *Perfect Web Tech., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1332 (Fed. Cir. 2009) ("[M]ere attorney argument lacking evidentiary support is not evidence."); *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997)("evidence submitted in opposition to a motion for summary judgment must be admissible.").

Because Plaintiff has failed to establish a genuine issue of material fact to support any of her claims, this Court should grant Beaumont's Motion for Summary Judgment and dismiss Plaintiff's Complaint in its entirety.

## II.    ARGUMENT

**A.    <u>Certain Material Facts Cited by Beaumont Should Be Deemed Admitted</u>[2]**

As an initial matter, Plaintiff's response to Paragraphs 17, 22, 23, 27-28, 33, 38, 40-48, 51, and 53 of Beaumont's Statement of Material Facts should be deemed admitted because Plaintiff has failed to specifically contest the facts – as required by the Court's Case Management Order. (ECF No. 10, PageID.118 ("Any proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for purposes of the motion, be deemed admitted.").) These paragraphs should be deemed admitted for this reason alone. Further, as the Supreme Court has stated:

> [T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. . . . When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007). Plaintiff's Response runs afoul of *Scott* because she fails to demonstrate a genuine issue of material fact with competent, admissible evidence. Fed. R. Civ. P. 56(c)(1). Along with her failure to specifically

---

[2] The correct version of Exhibit 7 in support of Beaumont's Motion is being submitted to the Court.

2

contest the above-cited Paragraphs, Plaintiff's Counterstatement of Material Facts contains extensive attorney argument misrepresented as fact and conclusory allegations with no citations to the record evidence. *Estee Lauder v. L'Oreal*, 129 F.3d 588, 595 (Fed. Cir. 1997)("[A]rguments of counsel cannot take the place of evidence lacking in the record."). Indeed, apparently recognizing the paucity of admissible evidence in support of her claims, Paragraphs 5, 8, 12-13, 17-19, 21, 26, 31-32, 34-36, 39, and 49 attempt to rely upon attorney argument as fact, and Paragraphs 5, 8, 13, 17-19, 31, and 49 lack cites to the record evidence. Therefore, Plaintiff's tactics are improper and insufficient to survive summary judgment.

B.   **Plaintiff Failed to Establish Her Failure to Accommodate Claims**

In her Response, Plaintiff argues – without citing supporting legal authority – that the denial of her purported request to wear her own N95 mask was unreasonable. Plaintiff's Response not only completely neglects the state of emergency and ever-changing CDC rules and guidance under which the hospital was operating in March 2020, but it also demonstrates a lack of understanding of the ADA and PDCRA.

First, Plaintiff disregards the plain language of the PDCRA, which requires that requests for accommodations be made in writing. MCL § 37.1210(18). Consequently, her PDCRA claim fails as a matter of law because no written request exists. (ECF No. 38, PageID.1065, ¶ 19; Ex. 1, Miller Dep. Tr. 175, ECF No. 36-2, PageID.821.) Further, in an attempt to overcome this legal hurdle, her counsel asserts that Plaintiff's doctor "likely had knowledge of Beaumont's refusal to allow

3

[Plaintiff] the use of her own N95 mask" and "it is entirely possible and more likely than not that [Plaintiff's] doctor made the recommendation for no contact based upon Von Linsowe's denial." (ECF No. 38, PageID.1065, ¶ 19, PageID.1077.) Such speculation is wholly improper. Beaumont could not contravene the medical restrictions that Plaintiff's own doctor issued by placing her in a position with patient contact, which renders her request unreasonable as a matter of law. (Ex. 15, ECF No. 36-16, PageID.991.) *See Alexander v. Northland Inn*, 321 F.3d 723, 727 (8th Cir. 2003). Finally, Beaumont nonetheless accommodated Plaintiff by providing her with a medical leave of absence, which constitutes a reasonable accommodation as a matter of law – and Plaintiff fails to address this issue in her Response. *Walsh v. UPS*, 201 F.3d 718, 726 (6th Cir. 2000). *See Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004) ("[A]n employee cannot make her employer provide a specific accommodation if another reasonable accommodation is instead provided."). Accordingly, these claims fail as a matter of law.

C.  **Plaintiff Failed to Establish Her FMLA Interference Claim**

Tellingly, Plaintiff's Response does not cite any legal authority in support of her FMLA interference claim, only arguing she was "forced" to take leave in March 2020 and Von Linsowe violated the union contract by placing LaBo in the MOB instead of Plaintiff.[3] Plaintiff's arguments are unavailing. First, Plaintiff does not

---

[3] Plaintiff does not dispute that Beaumont provided her all requested leaves of absence. Although Plaintiff's Response claims Monica Holbrook denied her leave (*see* ECF No. 38, PageID.1073, ¶

4

dispute that she was not entitled to job protection after May 22, 2020. Plaintiff's claim fails for this reason alone. Second, even assuming, *arguendo*, Plaintiff retained job protection (she did not), she was returned to the same position she held before her leave. When Plaintiff's leave began in March 2020, she was no longer working in the BCC and was part of Centralized Registration, along with all PAS staff due to COVID-19. She was returned to this position after her leave.[4]

Moreover, Plaintiff relies on a single e-mail in an attempt to argue that Beaumont did not follow its agreement with the union in bringing back PAR staff. But even accepting Plaintiff's allegations as true, she does not dispute the fact that PAR staff were returned in order of seniority per union guidance, and indeed, the union **agreed** that its guidance was followed specifically with respect to Plaintiff. (Ex. 6, ECF No. 36-7, PageID.857-58, ¶¶ 26-28, PageID.869.) It also is undisputed that LaBo had more seniority than Plaintiff, and even if Plaintiff was not on leave when the BCC reopened, Plaintiff would not have been placed there based of her seniority.[5] (*Id.*) *Edgar v. JAC Prods.*, 443 F.3d 501, 508 (6th Cir. 2006). Thus,

---

57), Plaintiff incorrectly cites her own deposition testimony admitting that Holbrook approved all of her leaves. (Ex. 1, Miller Dep. Tr. 150-51, ECF No. 36-02, PageID.818.) *Jaszczysyn v. Advantage Health Physician Network*, Case No. 11-1697 (6th Cir., Nov. 7, 2012) (upholding dismissal of plaintiff's FMLA interference claim where plaintiff was granted all FMLA leave she was entitled).

[4] Plaintiff concedes "[t]he pandemic was very serious" and Beaumont "saw a dramatic increase in COVID-19 patients. Elective services (including the [BCC] were shut down and all [PAS] were moved to the Trenton Hospital's Main Registration." (ECF No. 1, PageID.6, ¶¶ 38, 41.)

[5] Plaintiff's attempt to paint Von Linsowe as not credible is unfounded where she relies solely on Willette's testimony, who testified only that she and Von Linsowe "did not get along" and their "personalit[ies] clashed." (ECF No. 38-3, PageID.1181.)

5

dismissal of this claim is warranted.

### D. Plaintiff Failed to Establish Her Discrimination and Retaliation Claims

Plaintiff's disability discrimination claims are so meritless that she does not even attempt to support them with case law or admissible evidence. Thus, these claims should be dismissed as a matter of law. *Brown v VHS of Mich, Inc*, 545 F App'x 368 (6th Cir. 2013) ("A plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in a response to a motion for summary judgment.").

Plaintiff's retaliation claims fare no better. Despite Plaintiff's argument that her corrective actions and reprimands constitute adverse employment actions, she failed to satisfy her burden of establishing that the alleged conduct is materially adverse.[6] *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). Additionally, Plaintiff failed to establish a causal connection between any of the alleged discipline and her protected activity, instead relying solely upon the timing and claiming she had a "clean record" prior to August 2020. This argument fails as a matter of fact where there are documented concerns with Plaintiff's performance dating back to at least April 2018 (i.e., before any protected activity), including her incorrectly identifying patients or their testing. (Ex. 31, 4/25/18 Corrective Action;

---

[6] It is not clear whether Plaintiff claims that any alleged inability to transfer constitutes an adverse employment action. To the extent she attempts to do so, this claim fails because it was not alleged in her Complaint, and more importantly, was not alleged in her EEOC Charge, which means this Court lacks jurisdiction over it. (*See* ECF No. 36, PageID.791, n. 7.) This claim also fails because any inability to transfer was based on Plaintiff's corrective action status, not because of any protected class or activity, as discussed in Beaumont's Motion and this Reply.

6

Ex. 6, Investment Tracker, ECF No. 36-7, PageID.867.) Likewise, this argument fails as a matter of law because the Sixth Circuit has consistently held that temporal proximity alone is insufficient to establish a causal connection. *See, e.g., Wasek v. Arrow Energy Servs.*, 682 F.3d 463, 471-72 (6th Cir. 2012) ("[W]e have repeatedly cautioned against inferring causation based on temporal proximity alone."). Because Plaintiff failed to establish *prima facie* cases of discrimination or retaliation, her claims cannot survive summary judgment.

Finally, Plaintiff failed to establish pretext. Beaumont has proffered legitimate, non-discriminatory, non-retaliatory reasons for its actions and demonstrated how it relied on the particularized facts presented at the time it decided to issue any discipline to Plaintiff (i.e., Plaintiff's supervisors received numerous complaints from other departments regarding Plaintiff's serious performance deficiencies). *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 598-99 (6th Cir. 2007). Plaintiff, on the other hand, relies solely on her subjective, yet unsubstantiated beliefs that any discipline was because of her leaves and/or EEOC charge. This is insufficient. *Ackerman v. Diamond Shamrock Corp.*, 670 F.2d 66 (6th Cir. 1992). She has absolutely no evidence to refute any decisions to issue discipline. Thus, Plaintiff's claims fail as a matter of law and should be dismissed.

Respectfully submitted,<br>
JACKSON LEWIS P.C.<br>
<u>/s/ Elyse K. Culberson</u><br>
Elyse K. Culberson (P82132)<br>
Attorneys for Defendant

Dated: July 24, 2023

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on July 24, 2023, she or her assistant did file this document using the CM/ECF system which will send notice of its filing to all counsel of record.

                                      /s/ Elyse K. Culberson_____
                                      Elyse K. Culberson

4856-0156-7598, v. 2